'Chief Justice Robertson
delivered the opinion of the Court.
By the 2d section of an act of 1828, (session acts 228,) it is enacted, “That the justices of the peace in this commonwealth shall have concurrent original jurisdiction of all contracts, written or parol, express or implied, for the payment of money or property, or for the performance of any act or acts, ■duty or duties, in cases where the debt, the balance of the debt or the damages, which the obligee or pro-missee shall be entitled to recover, by the breach of, or in virtue of said contract, shall not exceed fifty dollars,” &c.
By the 3d section of the-same act, it is provided, that if, in any case embraced by the 2d section, the creditor shall sue in the circuit court, and shall not obtain a verdict for more than ‡50, the defendant shall be entitled to a judgment for costs, unless he had filed “aplea or notice of set-off.'’
This suit (assumpsit,) was brought against the plaintiff in error, for an alleged breach of warranty by him, that a pump which he had made for the defendants in error, “was a first rate pump,” and would “continue to be such for twelve months.”
On the general issue, the jury found a verdict for the plaintiffs below, for ,f29 17 cents, in damages; and thereupon the circuit court rendered judgment on the verdict in favor of the plaintiffs for |>2'9 17 cents, and for the costs of the suit.
The only question which the record presents for the consideration of this court, is, whether the judgment for costs is contrary to the act of 1828?
In construing the act of 1828, this court cannot indulge in speculations on the supposed mischief or in oonvenience which the legislature intended to remedy. The language of the act is unambiguous and comprehensive, it leaves no room for any other process of interpretation, than that of giving to the words used, their plain and common import. Allow'ing that the legislature understood the proper *588 of its own language, the conclusion cannot be resisted, that the act includes all causes of action not exceeding $¡50 in amount, founded on contract; and whereby, the creditor is entitled to a debt or damages either fixed and certain, or the amount of which may be ascertained with precision by a legal standard of value.
But, there are contracts for breach of which, there is no determinate amount of damages allowed by law, & therefore, this class of cases is not embraced by act of ’28.
Ordinary contracts, express or implied,'for money, or property, or service, are eon-braced by act of ’28.
Justice of the peace has no ■jurisdiction o*ver breach of marriage contract.
But there are contracts, for the breach of which there is no determinate amount of damages allowed by law. This class of cases is not embraced by the act of 1823. In such cases, the plaintiff cannot know how much he may be entitled to, until the amount shall have been ascertained by the verdict of a jury’; and therefore, it would be unreasonable to suppose that the legislature intended to inflict costs on a successful plaintiff in the circuit court, for not recovering more than $¡50 damages, for the breach of a contract, for which the parties themselves have no means for ascertaining the amount which may be justly de^ tnandable.
Ordinary contracts, express or implied, for money, or property, or service, are embraced by the act of' 1828. In ail these, the creditor knows or may know,, the amount to which he is entitled.
But over a suit, on a contract to marry, a magistrate has no jurisdiction. In such a case, the damages are indeterminate, and cannot be measured by any uniform standard, but must depend on the judgments and feelings of juries controlled only by a sound discretion. •
It would have been as unreasonable to vest magistrates with jurisdiction in such cases, as it would have beeii to have given them cognizance of slander and trespass. The damages are as contingent in one class of these cases as in another; and it could not be said with accuracy, that a plaintiff in any of them, uis entitled” to more or less than $50■ damages. ,
We are therefore of opinion, that this is a class of contracts which are not yet within the sphere of a justices jurisdiction. The evident object, as well as the letter of the'act of 18-28, seem to require such^ ■construction»
If plaintiff in eirouii court, do not recover more than $50, for breach of warranty, lie . must pay costs of suit.
Cunningham, for plaintiff; Harlan, for defendant.
But this case is not of the pretermitted class. ' The value of the thing warranted, or diminution of its va■lue, in consequence of its defectiveness, is the meas-•use .of damage; and this can be ascertained with reasonable precision before a suit is instituted on the warranty.
In this case, therefore, the defendants in error were not, but the plaintiff in error was, entitled to a judgment for costs; unless the proviso in the 3d section of the act of 1828, be construed to apply to all cases in which any plea shall have been filed. It was not so intended; nor is it susceptible of any such interpretation. It applies to cases only, in which a plea “of set-off,” “or notice of set off,” shall have been relied on.
Wherefore, the circuit court erred in giving costs to the plaintiffs in the action, when the defendant was entitled to a judgment for his costs.
Therefore the judgment is reversed, and the cause remanded, with instructions to render judgment for the plaintiff in error, for costs; and for the defendants in error on the verdict of the jury.